CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

01/22/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| CHRISTINA L., | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-00025 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| FRANK BISIGNANO, | ) | By:  Joel C. Hoppe |
| Commissioner of Social Security, | ) | United States Magistrate Judge |
| Defendant. | ) | |

Plaintiff Christina L. asks this Court to review the Commissioner of Social Security's

final decision denying her claim for supplemental security income ("SSI") under Title XVI of the

Social Security Act, 42 U.S.C. §§ 1381–1383f. ECF No. 1. The case is before me by referral

under 28 U.S.C. § 636(b)(1)(B). Having considered the administrative record ("R."), ECF No. 6,

the parties' briefs, ECF Nos. 15, 20, 21, and the applicable law, I find that the Administrative

Law Judge did not correctly apply 20 C.F.R. § 416.920c to a consultative examiner's medical

opinion that Christina's back impairment restricts her to four hours standing and "less than 2

hours" walking in an eight-hour workday, R. 25 (citing R. 2381). Indeed, the ALJ's decision did

not explain how she considered those limitations at all. Accordingly, I respectfully recommend

that the presiding District Judge reverse the Commissioner's final decision and remand

Christina's case under the fourth sentence of 42 U.S.C. § 405(g).

I. Standard of Review

The Social Security Act authorizes this Court to review the Commissioner's final

decision that a person is not entitled to disability benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see

also Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The Court's role, however, is

limited—it may not "reweigh conflicting evidence, make credibility determinations, or substitute

[its] judgment" for that of agency officials. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.

1

2012). Instead, a court reviewing the merits of the Commissioner's final decision asks only whether the ALJ applied the correct legal standards and whether substantial evidence in the existing record supports the ALJ's factual findings. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011); *see Riley v. Apfel*, 88 F. Supp. 2d 572, 576 (W.D. Va. 2000) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98–100 (1991)).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla" of evidence, *id.*, but not necessarily "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). Substantial-evidence review considers the entire record and not just the evidence cited by the ALJ. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–89 (1951); *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984). Ultimately, a court must affirm the ALJ's factual findings if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. The Legal Framework

A person is "disabled" within the meaning of the Social Security Act if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). Social Security ALJs follow a five-step process to determine if a claimant is disabled. The ALJ asks, in sequence, whether the claimant (1) is working; (2) has a severe

impairment that satisfies the Act's duration requirement; (3) has an impairment that meets or equals an impairment listed in the Act's regulations; (4) can return to his or her past relevant work based on his or her residual functional capacity; and, if not (5) whether he or she can perform other work. *See Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983); *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017); 20 C.F.R. § 416.920(a)(4).

The claimant bears the burden of proof through step four. *Lewis*, 858 F.3d at 861. "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations" and vocational factors. *Mascio*, 780 F.3d at 635; *see Britt v. Saul*, 860 F. App'x 256, 263 (4th Cir. 2021) (citing *Mascio*, 780 F.3d at 636–37); *Jolly v. Barnhart*, 465 F. Supp. 2d 498, 504–05 (D.S.C. 2006). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio*, 780 F.3d at 635.

### III. Background

Christina applied for SSI in May 2020. *See* R. 177–79. She alleged that she was disabled because of stage-three thyroid cancer, fibromyalgia, and asthma. *See* R. 61–62, 198. Christina was 45 years old, or a "younger person" under the regulations, when she filed this claim. R. 61; *see* 20 C.F.R. § 416.963(c). Medical experts under contract with Virginia Disability Determination Services ("DDS") found Christina "not disabled" upon an initial review in September 2020, and upon reconsideration in October 2021. *See* R. 64, 68. On October 19, 2023,

3

Christina appeared with counsel and testified at a hearing before ALJ Mary Forrest-Doyle. R. 40–51. A vocational expert ("VE") also testified. *See* R. 52–59.

ALJ Forrest-Doyle issued an unfavorable decision on April 3, 2024. R. 17–27. She found that Christina had the following "severe" medically determinable impairments: obesity; Pelvic Congestion Syndrome; bipolar disorder; depression with anxiety; generalized anxiety disorder; major depressive disorder; insomnia; stress urinary incontinence; pharyngoesophageal dysphagia; esophageal dysmotility; and gastroesophageal reflux disorder. R. 19–20. She also appears to have deemed Christina's "degenerative disc disease of the cervical and lumbar spine" to be a severe impairment affecting the musculoskeletal system, R. 20, even though she did not mention that MDI at step two. R. 19–20; *see* R. 24–25 (citing R. 43–47, 50–51, 71–74, 401–02, 476, 516, 1401, 2340–41, 2379, 2381–82, 2765–67). At step three, ALJ Forrest-Doyle found that Christina's severe MDIs did not meet or medically equal a relevant Listing. R. 20–23 (citing 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 1.15, 1.18, 12.04(B), 12.06(B), 13.09). Christina's mental MDIs did not meet Listing 12.04 or 12.06 because they caused only "mild limitations" in three broad areas of mental functioning, including interacting with other people, and only "moderate limitations" in concentrating, persisting, or maintaining pace. *See* R. 21–23.

ALJ Forrest-Doyle then evaluated Christina's residual functional capacity ("RFC") based on the medical and other evidence in her record.[1] *See* R. 23–26. She found that Christina can sustain

---

[1] RFC is the claimant's "maximum remaining ability to do sustained work activities in an ordinary work setting" for eight hours a day, five days a week despite her medical impairments and symptoms. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (emphasis omitted). It is a holistic factual finding "made by the [ALJ] based on all the relevant evidence in the case record," *Felton-Miller v. Astrue*, 459 F. App'x 226, 230–31 (4th Cir. 2011) (per curiam), including clinical findings, medical opinions, and the claimant's own statements, 20 C.F.R. § 416.945. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). The ALJ's actual RFC finding, 20 C.F.R. § 416.920(e), must "include those [functional] limitations that the ALJ considers credibly established" by relevant evidence in the record, *Bryant v.*

> light work as defined in 20 CFR 416.967(b)[2] except never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs, stoop, kneel, crouch, balance or crawl; can perform work that only occasionally requires speech; [and] can perform simple and routine tasks in a setting with no fast-paced production work such as on an assembly line or that carries strict quotas or deadlines.

R. 23. Next, ALJ Forrest-Doyle summarized parts of the record containing some of Christina's statements alleging chronic lower back/leg pain with weakness and numbness, R. 43–47, 50–51, 401–02, 1401, 2340–41, 2379; a few, mostly normal, findings on physical exams and diagnostic studies, R. 402, 476, 516, 2340–41, 2379; and three medical opinions identifying various MDI-related physical limitations, R. 73–74, 2381, 2765–66. *See* R. 24–26. Her exertional RFC finding ostensibly incorporates the proposed limitations that she found "consistent with light work," R. 25 (citing R. 73, 2381), and omits those that would have restricted Christina to "sedentary" work or a "less than sedentary RFC,"[3] *id.* (citing R. 2381, 2766). *See* R. 23. Her mental RFC finding does not limit Christina's social interaction in the workplace. R. 22, 25.

At step four, ALJ Forrest-Doyle found that Christina had no past relevant work. R. 26. This finding put the burden on the Commissioner to show that Christina was not disabled because she could adjust to work existing in the national economy considering her RFC and vocational factors of age, education, and work experience. 20 C.F.R. § 416.960(c)(1); *see* R. 26. At the hearing, the VE testified that "an individual of similar age, education, and work

---

*Colvin*, No. 3:13cv349, 2014 WL 896983, at *1, *12 (E.D. Va. Mar. 6, 2014). *See Monroe v. Colvin*, 826 F.3d 176, 179, 188 (4th Cir. 2016).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983); *see Neal v. Astrue*, Civ. No. JKS 09-2316, 2010 WL 1759582, at *2 (Apr. 29, 2010).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying [objects] like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). "[P]eriods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5.

experience" as Christina could work in the national economy if she "could perform light work," but never climb ladders, ropes, or scaffolds; only occasionally speak and engage in postural activities; and was limited to "simple and routin[e] tasks in a setting with no fast-paced production work." *See* R. 53–54. ALJ Forrest-Doyle credited the VE's testimony at step five, specifically finding that Christina could "perform the requirements of representative light" unskilled occupations such as:

> Sorter, DOT# 222.687-014 with approximately 40,000 jobs in the national economy; Mail Clerk, DOT# 209.687-026 with approximately 80,000 jobs in the national economy; and Ticketer, DOT# 209.8587-013 with approximately 35,000 jobs in the national economy.

R. 26–27 (citing R. 53–54).[4] Accordingly, the ALJ found that Christina had not been disabled "since May 21, 2020, the date the [SSI] application was filed." R. 27. The Appeals Council declined to review ALJ Forrest-Doyle's decision, R. 1–3, and this appeal followed.

## IV. Discussion

Christina makes two arguments on appeal. *See* Pl.'s Br. 1, 9–17. First, she objects that ALJ Forrest-Doyle failed to explain why her mental RFC finding does not limit Christina's social interaction even though she found that Christina had "mild restrictions" interacting with others. *See id.* at 9–11 (citing R. 22–23). Second, Christina argues that substantial evidence does not support the ALJ's "light" RFC finding because the ALJ failed to explain how she considered the mandatory supportability and consistency factors, 20 C.F.R. § 416.920c(b)(2), in concluding that PA-C Monica Bowler's medical opinion was "partial[ly] persuasive" evidence of Christina's remaining capacities to lift/carry, stand, and walk, R. 25 (citing R. 2381). She notes that ALJ

---

[4] The VE also identified certain occupations available to the hypothetical person if the RFC's exertional limitations dropped "down to sedentary," R. 54, but ALJ Forrest-Doyle did not mention this testimony in her decision. *See* R. 26–27.

Forrest-Doyle merely referenced PA-C Bowler's opinion that Christina can "perform lifting and carrying up to 20 pounds occasionally and 10 pounds frequently . . . and standing for 4 hours *all consistent with light work*, but that she can walk for less than 2 hours in an 8-hour workday, *which is sedentary*." R. 25 (emphasis added). She implicitly rejected the proposed standing and walking restrictions without explanation. Pl.'s Br. 13–15 (citing R. 25); Def.'s Br. 13 (citing R. 23, 25). The Commissioner concedes the lack of "explicit" analysis, but argues remand "is futile on this point," Def.'s Br. 13, because "substantial evidence supports the ALJ's evaluation of the medical opinion evidence and the resulting RFC finding" for light work, *id.* at 14. *See id.* at 13–14 (citing R. 24–25, 402, 2340–41, 2376, 2379). Christina has the better position.[5]

*

"A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions" in meeting specific functional demands of work. *See* 20 C.F.R. § 416.913(a)(2). ALJs "will consider" a source's medical opinions using certain persuasiveness factors[6] and "will articulate" in their decisions "how persuasive [they] find" those opinions to be. 20 C.F.R. § 416.920c(a)–(b). "Of these factors, supportability and consistency are the most important" in determining how persuasive medical opinions are. *Oakes*, 70 F.4th at 212; *see* 20 C.F.R. § 416.920c(b)(2). Thus, ALJs "will explain how [they] considered the supportability and consistency factors"[7] for each source's medical opinions in articulating how persuasive they

---

[5] Accordingly, there is no need to address Christina's objection to the mental RFC determination.

[6] Specifically, "an ALJ must consider the following factors: (1) supportability; (2) consistency; (3) a physician's relationship with the claimant; (4) a physician's specialization; and (5) other factors, like a physician's familiarity with the evidentiary record or their understanding of the SSA's policies and evidentiary requirements." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(5)).

[7] "Supportability is the degree to which a provider supports their opinion with relevant, objective medical

7

found those opinions to be. 20 C.F.R. § 416.920c(b)(2).

Additionally, the ALJ's decision must build an accurate and "logical bridge between the evidence and the ALJ's conclusion that [a medical] opinion," *Oakes*, 70 F.4th at 214, is or is not "persuasive" evidence of the claimant's RFC, *see id.* at 212–13. *See, e.g.*, *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 606 (4th Cir. 2025) ("Like the ultimate determination that a claimant has or lacks residual functional capacity, we review the subsidiary determination that a medical opinion has or lacks supportability and consistency for substantial evidence."). When the court is "'left to guess' as to how the ALJ reached her evaluation of the conflicting medical opinions in light of the evidence of record," then it cannot "review the reasonableness of her conclusions," *Testamark v. Berryhill*, 736 F. App'x 395, 398 (4th Cir. 2018) (quoting *Mascio*, 780 F.3d at 638), to ensure "the ALJ's decision is supported as a matter of fact and law," *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018). *See, e.g.*, *Stephen R. v. O'Malley*, No. 21-2292, 2024 WL 3508155, at *4 (4th Cir. July 23, 2024) (citing *Patterson*, 846 F.3d at 663). Conversely, the court should affirm that decision when "the ALJ reasonably assessed the persuasiveness of [a medical opinion] based on its supportability and consistency." *Drumgold*, 144 F.4th at 605.

**

ALJ Forrest-Doyle's decision does not satisfy this deferential standard of review. Christina's voluminous record contains at least three different medical opinions about the extent

---

evidence and explanation." *Oakes*, 70 F.4th at 212. "The more relevant the objective medical evidence and supporting explanation" the source provides, "the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). "[C]onsistency is the degree to which a provider's opinion is consistent with the evidence [from] other medical and non-medical sources in the record." *Oakes*, 70 F.4th at 212. "The more consistent" the source's medical opinions are with other relevant evidence, "the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2). "Supportability and consistency are distinct legal concepts under this regulation." *Daryl R. v. O'Malley*, No. 5:23cv59, 2024 WL 3649033, at *4 n.4 (W.D. Va. Aug. 5, 2024) (citing *Oakes*, 70 F.4th at 212). The ALJ "must adequately explain how she considered *both* factors in her persuasiveness determination." *Id.*; *accord Drumgold*, 144 F.4th at 605.

to which her severe lumbar impairment reduced her capacities to lift/carry and stand/walk during a normal workday. *See* R. 2381–82 (Oct. 26, 2021); R. 73–74 (Oct. 28, 2021); R. 3765–66 (Oct. 20, 2023). Cheryl Arenella, M.D., who reviewed Chritina's records for DDS in October 2021, gave the least restrictive assessment. *See* R. 25 (citing R. 73–74). She opined that Christina can sustain "light" work, R. 76, that involves occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, and standing and/or walking for about 6 hours in an 8-hour workday, R. 73. Dr. Arenella explained that chronic back pain would make it "difficult" for Chirstina to lift and carry any more weight, but that she was "noted to have normal gait." R. 74; *see* R. 71. Thus, Christina "should not have issues with standing and or walking for extended periods of time." R. 74. Dr. Arenella did not review opinions from any other medical source. *See* R. 73.

PA-C Bowler, who examined Christina on October 24, 2021, gave a somewhat more restrictive assessment. R. 25 (citing R. 2381–82). She opined that Christina could occasionally lift/carry 11–50 pounds and frequently lift/carry up to 10 pounds, but she could only stand for "about 4 hrs" and walk for "less than 2 hrs" during an eight-hour workday. R. 2381. PA-C Bowler's proposed limitations were "[b]ased on [her] review of records," R. 2381, including a June 2021 treatment note "regarding chronic back pain with radiation to right lateral lower extremity," R. 2376, and her findings on "today's physical exam," R. 2381. These findings include normal gait and station, but also reduced sensation in both feet, right paraspinal muscle tenderness, and positive straight-leg raise on the right. R. 2380–81.

Arthur Tickman, M.D., gave the most restrictive medical opinion. R. 25 (citing R. 2765–66). He noted Christina had "impaired function [of her] right upper and lower extremities" with pain and weakness in her back and lower extremities. R. 2765. An MRI from October 2022 showed "compression, fracture, [and] degenerative changes in cervical, thoracic, [and] lumbar

spine." *Id.* Dr. Tickman opined that Christina could occasionally lift/carry up to 10 pounds, but never lift/carry any more weight and that she could stand or walk for a total of "1–2" hours during an 8-hour workday. R. 2766.

ALJ Forrest-Doyle considered all three sources' medical opinions as part of the RFC assessment. *See* R. 25; 20 C.F.R. § 416.920c(a). She also articulated in her written decision "how persuasive" she found these opinions to be, used the terms supportability and consistency in announcing her conclusion, 20 C.F.R. § 416.920c(b)–(c), and referred to "the record" generally, R. 25. *See Tecarlo B. v. Kijakazi*, No. 7:20cv473, 2022 WL 36166, at *5 (W.D. Va. Jan. 4, 2022) ("Here, the ALJ did not cite any specific medical facts but cited to the entire record when explaining why he did or did not find an opinion persuasive."). For example, ALJ Forrest-Doyle found Dr. Arenella's opinion limiting Christina to "a light RFC with occasional postural activities and environmental limitations" to be "partial[ly] persuasive" because, "the light RFC and occasional postural limitations are consistent with and supported by *the record*." R. 25 (emphasis added). She did not reference or describe any particular evidence. *Stephen R.*, 2024 WL 3508155, at *4 (reversing and remanding where the ALJ made the same error). ALJ Forrest-Doyle also found "limited persuasive value" in Dr. Tickman's opinion proposing "a less than sedentary RFC" because, "it is not consistent with or supported by the record. The opinion is too narrowly restrictive and not consistent with even [Christina's] testimony as to what she can do." R. 25. But, again, she did not cite any "testimony" that she found inconsistent with Dr. Tickman's proposed limitations, R. 24–25. *See Stephen R.*, 2024 WL 3508155, at *4.

Christina focuses on ALJ Forrest-Doyle's analysis of PA-C Bowler's medical opinion. That analysis reads in its entirety:

> [PA-C Bowler] opined that the claimant could perform lifting and carrying up to
> 20 pounds occasionally and 10 pounds frequently and sitting for 4 hours and

standing for 4 hours *all consistent with light work*, but that she can walk for less than 2 hours in an 8-hour workday, *which is sedentary*. She can frequently perform manipulative tasks, *which is not consistent with or supported by* the record. She can occasionally perform postural activities, *which is consistent with and supported by* the record. The [ALJ] finds partial persuasive value in this opinion.

R. 25 (emphasis added). The parties agree that ALJ Forrest-Doyle credited some, but not all, of PA-C Bowler's proposed exertional limitations. Pl.'s Br. 13–14; Def.'s Br. 13–14. Her "light" RFC finding ostensibly incorporates the limitations on lifting/carrying and standing and omits the two-hour walking limitation, which if credited would have restricted Christina to sedentary work. *See id.*; *cf. Belanger v. Comm'r of Soc. Sec.*, 620 F. Supp. 3d 416, 424 (W.D.N.C. 2022) (collecting "cases that have found there was no conflict between light work and a limitation against standing for more than four hours in an eight-hour workday"). The parties also agree that ALJ Forrest-Doyle "specifically addressed the supportability and consistency factors" *only* with respect to PA-C Bowler's proposed manipulative and postural limitations. Def.'s Br. 13 (citing R. 25); *see* Pl.'s Br. 13–14. She did not reference either factor in explaining why she implicitly rejected the standing and/or walking limitations. R. 25.

Christina argues that the ALJ's lack of explanation on this point requires remand. I agree. *See Stephen R.*, 2024 WL 3508155, at *4 ("Put simply, the ALJ's lack of explanation requires remand." (quoting *Patterson*, 846 F.3d at 663)). The "articulation requirements" in § 416.920c are mandatory. 20 C.F.R. § 416.920c(b); *see Stephen R.*, 2024 WL 3508155, at *4. The Fourth Circuit has held that an ALJ's failure to apply mandatory language "will rarely, if ever, be harmless because such failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662. This is certainly true in Christina's case. *See* Pl.'s Br. 14–15.

PA-C Bowler explained that her opinions were "[b]ased on [her] review of records" and her findings on "today's physical exam." R. 2381. These findings include normal gait and station, but also reduced sensation in both feet, right paraspinal muscle tenderness, and positive

11

straight-leg raise on the right. R. 2380–81. ALJ Forrest-Doyle mentioned the normal findings when summarizing the medical record, R. 25, but she did not evaluate the degree to which PA-C Bowler supported her standing or walking limitations with relevant abnormal "objective medical evidence and explanation," *Oakes*, 70 F.4th at 212. "The more relevant the objective evidence and supporting explanation" PA-C Bowler provided, "the more persuasive" her opinion will be in the RFC determination. 20 C.F.R. § 416.920c(c)(1); *see Drumgold*, 144 F.4th at 606. ALJ Forrest-Doyle's failure to address PA-C Bowler's actual supporting explanation, R. 2381, precludes meaningful review. *See Tecarlo B.*, 2022 WL 36166, at *5.

The same logic applies to consistency. *See Drumgold*, 144 F.4th at 607. "The more consistent" PA-C Bowler's standing or walking limitations are "with the evidence from other medical sources and nonmedical sources in the claim [record], the more persuasive" her opinion will be in the RFC determination. 20 C.F.R. § 416.920c(c)(2). Chirstina correctly points out that Dr. Tickman also limited her to standing or walking for a total of "1–2" hours during an 8-hour workday. R. 2766. PA-C Bowler's two-hour walking restriction is consistent with Dr. Tickman's opinion, but inconsistent with Dr. Arenella's opinion that Christina could stand and/or walk for "about 6 hours in an 8 hour workday," R. 73. ALJ Forrest-Doyle did not explain why she relied on the "single source [who said] something different," *Drumgold*, 144 F.4th at 67, on this point.

The Commissioner argues that remand is futile because substantial evidence nonetheless "supports the ALJ's evaluation of the medical opinion evidence and the resulting RFC finding" for light work. Def.'s Br. 13–14 (citing R. 24–25, 402, 2340–41, 2376, 2379). I disagree. *See, e.g.*, *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2016) ("[I]t is not our role . . . to hypothesize the ALJ's justifications that would perhaps find support in the record."); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons

he gave."). ALJ Forrest-Doyle's written decision demonstrates that she "did not correctly apply" 20 C.F.R. § 416.920c to the conflicting medical opinions, "which informed [her] evaluation of [Christina's] RFC" in this case. *Cf. Stephen R.*, 2024 WL 3508155, at *4 (applying the analogous 20 C.F.R. § 404.1520c). Her lack of explanation requires remand. *See id.* (citing *Patterson*, 846 F.3d at 663); *Tecarlo B.*, 2022 WL 36166, at *4–5.

## V. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **REVERSE** the Commissioner's final decision, **REMAND** the matter under the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this case from the Court's active docket.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: January 22, 2026

Joel C. Hoppe

Joel C. Hoppe

13

United States Magistrate Judge

14